IN THE US DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE
DIVISION

| | |
|---|---|
| PROGRESSIVE HAWAII INSURANCE CORP. ) | |
| ) | **CASE NO. 25C____** |
| PLAINTIFF ) | |
| ) | JURY DEMAND |
| VS. ) | |
| ) | |
| VAZI TRANS INC. ) | |
| ) | |
| SERVE: VAZI TRANS INC ) | |
| 401 OLD PLEASANT GROVE RD.1212 ) | |
| MOUNT JULIET, TN 37122 ) | |
| ) | |
| AND ) | |
| ) | |
| ARGONAUTS LA LLC, ) | |
| ) | |
| SERVE: TN SECRETARY OF STATE ) | |
| DIVISION OF BUSINESS SERVICES ) | |
| SUMMONS DEPT. ) | |
| 312 ROSA L. PARKS AVE., 6TH FLOOR ) | |
| NASHVILLE, TN 37243 ) | |
| ) | |
| SERVE: REGISTERED AGENT INC . ) | |
| 6545 MARKET AVE. NORTH, STE. 100 ) | |
| NORTH CANTON, OH 44721 ) | |
| ) | |
| DEFENDANTS ) | |
| ) | |

## COMPLAINT FOR DECLARATORY JUDGEMENT

## PARTIES, VENUE, AND JURISDICTION

1.    In accordance with Fed. R. Civ. P. 57, 28 U.S.C. § 2201-2202 *et seq.* and Tenn.

Code Ann. § 29-14-101 *et seq.*, this Court has the power and authority to grant or issue judgments

for declaratory relief in cases over which it has jurisdiction, or the Court deems declaratory relief

to be appropriate.

2. Plaintiff, Progressive Hawaii Insurance Corp (hereinafter "Progressive Hawaii"), is a corporation formed in the State of Ohio, with its principal place of business in the State of Ohio, and is authorized to do, and does, transact business within the State of Tennessee, the state where the relevant insurance policy was issued. Progressive Hawaii is deemed a citizen of Ohio for jurisdictional purposes.

3. Defendant, Vazi Trans Inc., (hereinafter "Vazi Trans") is a corporation formed in the State of Tennessee, with its principal place of business in the State of Tennessee. Vazi Trans is deemed a citizen of Tennessee for jurisdictional purposes.

4. Defendant, Argonauts LA LLC, (hereinafter "Argonauts") is a limited liability company organized under the laws of the State of Ohio which transacts business in the State of Tennessee. Its sole member is a citizen of the State of California. Argonauts is therefore a citizen of California for jurisdictional purposes. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (holding that a limited liability company has the citizenship of each of its members).

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds the sum of $75,000.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

7. This Court may exercise personal jurisdiction over the Defendants.

8. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

2

## FACTS

9.     Progressive Hawaii re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every preceding paragraph of this Complaint for Declaratory Judgment.

10.     On November 12, 2024, Relyance Bank, as Administrator of the Estate and Wrongful Death Beneficiaries of Arsenio Maldonado; Fatima Pena Bhu; Nastrin Jose Maldonado; and Oslin Maldonado, individually and as Parent and Next Friend of Sharon Maldonado; filed a Complaint in the Circuit Court of Hempsted County, Arkansas, against the Defendants herein, Vazi Trans Inc. and Argonauts LA LLC, styled *Relyance Bank, as Administrator of the Estate and Wrongful Death Beneficiaries of Arsenio Maldonado, Fatima Pena Bhu, Nastrin Jose Maldonado, Oslin Maldonado, Individually and as Parent and Next Friend of Sharon Maldonado v. Argonauts LA, LLC & Vazi Trans, Inc.,* Case No. 29CV-24-229-1 (hereinafter "Underlying Litigation"). The Complaint which initiated the Underlying Litigation asserts that the Defendants are vicariously responsible for the negligent acts of Akaki Gvinjilia and for independent acts of negligence arising from an August 26, 2024, motor vehicle accident in which Mr. Gvinjilia was driving a tractor-trailer allegedly owned by Vazi Trans and Argonauts. A copy of the Complaint filed in the Underlying Litigation is attached hereto as **Exhibit A.**

11.     In the Underlying Litigation, the Underlying Plaintiffs assert that Arsenio Maldonado, deceased, was operating a 2009 Honda Civic in which Plaintiffs Fatima Pena Bhu, Nastrin Jose Maldonado, Oslin Maldonado, and Sharon Maldonado were passengers.

12.     In the Underlying Litigation, the Underlying Plaintiffs assert that Akaki Gvinjilia was operating a 2019 Freightliner Tractor trailer unit owned by the Defendants herein when he

3

made an improper lane change and lost control of his vehicle. As a result, the Underlying Plaintiffs claim that the 2019 Freightliner made contact with the 2009 Honda Civic, causing an accident.

13.     The driver of the 2009 Honda Civic, Arsenio Maldonado, was fatally injured in the August 26, 2024, motor vehicle accident, and his passengers allegedly suffered non-fatal injuries.

14.     In the Underlying Litigation, the Estate of Arsenio Maldonado has asserted claims on behalf of each of the wrongful death beneficiaries for funeral expenses, conscious pain and suffering experienced by Arsenio Maldonado, damages for the value of Arsenio Maldonado's life, and mental and emotional anguish suffered by the wrongful death beneficiaries as a result of Arsenio Maldonado's death.

15.     In the Underlying Litigation, the individuals who were passengers in the 2009 Honda Civic have asserted claims for pain and suffering, past and future medical expenses, scaring and disfigurement, and all other damages which they claim were proximately caused by the Defendants herein.

16.     In the Underlying Litigation, the Underlying Plaintiffs seek damages "in amounts to be determined by a jury, and adequate to compensate them for their losses." The Underlying Plaintiffs have stated that the "amount for each plaintiff should be in excess of that required for federal court jurisdiction in diversity of citizenship cases."

17.     At the time of the accident that is the subject of the Underlying Litigation, Defendants Vazi Trans, Inc., and Argonauts LA, LLC, had entered into an Independent Contractor Agreement, a copy of which is attached hereto as **Exhibit B**, which included services to be rendered in the State of Tennessee.

18.     According to the Independent Contractor Agreement, Vazi Trans, Inc. agreed to "provide carrier driver services and equipment (Equipment) as set forth below and operate under

4

the authority of CARRIER INDEPENDENT CONTRACTOR represents and warrants that INDEPENDENT CONTRACTOR has title to or is authorized to contract the equipment and is entitled to contract the services to CARRIER.

19.     The Independent Contractor Agreement identified the 2019 Freightliner, VIN 1FUJHHDRGKLKH4202, which was driven by Akaki Gvinjilia at the time of the accident that is the subject of the Underlying Litigation.

20.     Among other things, the Independent Contractor Agreement obligated Vazi Trans, Inc. to:

> …provide competent drivers who meet all of the requirements of the U.S. Department of Transportation, the federal motor carrier safety administration, and the Ohio Department of Revenue, including, but not limited to familiarity and compliance with state and federal motor carrier Safety laws and regulations. …
>
> INDEPENDENT CONTRACTOR shall, at its sole cost and expense, provide all the equipment ready to operate and fully roadworthy, including the necessary license, permits, cab cards, vehicle identification stamps, and base plates, shall furnish all safe and efficient operation and maintenance of the equipment, including repairs for the operation of such equipment, and shall pay other expenses incident to such operation…

21.     At the time of the accident which is the subject of the Underlying Litigation, Argonauts LA, LLC had entered to a Broker-Carrier Agreement with Axle Logistics, LLC, a copy of which is attached hereto as **Exhibit C.**

22.     Pursuant to the Broker-Carrier Agreement, Axle Logistics, LLC was deemed the "Broker," and Argonauts LA, LLC was deemed the "Carrier."

23.     The purpose of the Broker-Carrier Agreement included Axle Logistics, LLC's desire to engage Argonauts LA, LCC "to perform transportation of shipments that the BROKER has obtained under its arrangements with various customers, and CARRIER desires to provide such transportation services in accordance with the terms of this Agreement."

5

24. Argonauts LA, LLC was the motor carrier for the load hauled by Akaki Gvinjilia at the time of the accident which is the subject of the Underlying Litigation.

25. Progressive Hawaii issued a Commercial Auto policy containing a Commercial General Liability endorsement to Vazi Trans, effective December 26, 2023, to December 26, 2024. A certified copy of the policy is attached hereto as **Exhibit D.**

26. The 2019 Freightliner, VIN 1FUJHHDRGKLKH4202, which was driven by Akaki Gvinjilia at the time of the accident that is the subject of the Underlying Litigation, was not listed on the Progressive Hawaii Commercial Auto policy issued to Vazi Trans.

27. Vazi Trans and Argonauts have sought indemnity and a defense under the Progressive Hawaii policy.

28. An actual controversy exists because Vazi Trans and Argonauts have sought indemnity and a defense under the Progressive Hawaii policy for the damages sought by the Underlying Plaintiffs in the Underlying Litigation.

## <u>COUNT I</u>

29. Progressive Hawaii re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every preceding paragraph of this Complaint for Declaratory Judgment.

30. Progressive Hawaii issued a policy of insurance containing Commercial Auto coverage, with a policy period of December 26, 2023, to December 26, 2024.

31. The Insuring Agreement of the Commercial Auto Liability To Others coverage of Progressive Hawaii's policy provides:

> *Subject to the limits of liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury, property damage,** and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident***

6

*arising out of the ownership, maintenance, or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.*

32. Progressive Hawaii's policy defines **"insured auto"** as:

*a. Any **auto** specifically described on the **declarations page**; or*

*b. An additional **auto** for Part I – Liability To Others and/or Part II – Damage To Your Auto on the date **you** become the owner if:*

*(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;*

*(ii) **we** insure all **autos** owned by **you** that are used in **your** business;*

*(iii) no other insurance policy provides coverage for that **auto**; and*

*(iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.*

*. . .*

*c. Any replacement **auto** on the date **you** become the owner if:*

*(i) **you** acquire the auto during the policy period shown on the **declarations page**;*

*(ii) the **auto** that **you** acquire replaces on specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and*

*(iii) no other insurance policy provides coverage for that **auto**.*

33. For any coverage under Part I – Liability To Others, Progressive Hawaii's policy further defines **"insured auto"** as:

*B. When used in Part I – Liability To Others, **insured auto** also includes:*

*1. **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;*

*2. **Mobile equipment** while being carried or towed by an **insured auto**;*

7

*3. Any **temporary substitute auto**; and*

*4. **Mobile equipment** that is:*

    *a. owned by **you**;*

    *b. leased, hired, or borrowed by **you** and **you** have purchased either "Hired Auto Coverage" or "Any Automobile Legal Liability Coverage" from us; or*

    *c. not owned, leased, hired, or borrowed by **you** and **you** have purchased either "Employer's Non-Ownership Liability Coverage" or "Any Automobile Legal Liability Coverage" from **us**.*

34. Progressive Hawaii's policy defines **"temporary substitute auto"** as:

*any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.*

35. The claims against Vazi Trans and Argonauts are not for bodily injury or property damage because of an accident arising from the ownership, maintenance, or use of an "insured auto," and therefore there is no coverage for such claims under the Progressive Hawaii policy.

## COUNT II

36. Progressive Hawaii re-alleges, re-avers, reiterates, and incorporates by reference as set forth fully herein, each and every averment within the preceding paragraphs of this Complaint for Declaratory Judgment.

37. The Progressive Hawaii policy issued to Vazi Trans contains an MCS-90 Endorsement.

38. The MCS-90 Endorsement of Progressive Hawaii's policy provides, in relevant part:

8

*The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).*

*In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final   judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while  engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.*

*It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.*

*The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of anyone accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.*

39.    Progressive Hawaii owes no coverage under the MSC-90 Endorsement of its policy because Argonauts LA, LLC,'s insurance coverage, including but not limited to the MCS-90, is primary.

9

40.    Regardless of whether Progressive Hawaii's MCS-90 Endorsement ultimately provides indemnity up to its limits for the claims presented in the Underlying Litigation (it does not), the MCS-90 does not obligate Progressive Hawaii to provide a defense to Vazi Trans, Inc. or Argonauts LA, LLC.

## COUNT III

41.    Progressive Hawaii re-alleges, re-avers, reiterates, and incorporates by reference as set forth fully herein, each and every averment within the preceding paragraphs of this Complaint for Declaratory Judgment.

42.    Progressive Hawaii reserves the right to deny any and/or all claims that have been made, or which may be made in the future, by one or more of the Defendants in this action and/or parties to the Underlying Litigation if Progressive Hawaii later determines that said claims can be denied under any provision of the applicable insurance policy, including, but not limited to, the terms, conditions, exclusions, and/or other policy provisions not specifically set forth herein.

43.    Progressive Hawaii specifically reserves the right to assert any term, condition, exclusion, and/or other provision of any insurance policy issued to Vazi Trans, as it may be applicable to any claim arising out of the facts of this litigation by any individual and/or entity.

WHEREFORE, the Plaintiff, Progressive Hawaii Insurance Corp., prays the Court as follows:

1.    For entry of a Declaratory Judgment from this Court, declaring that the Plaintiff, Progressive Hawaii Insurance Corp., has no duty to defend or indemnify Vazi Trans Inc. or Argonauts LA LLC for any damages sought in the Underlying Litigation;

2.    For an award of its costs sustained herein, including reasonable attorneys' fees (if applicable);

10

3.      For a trial of this cause by Jury; and,

4.      For any and all other just and proper relief to which this Court may deem it is entitled.

Respectfully submitted,

RICHARDSON LAW GROUP, PLLC


/s/ Elizabeth M. Bass
Elizabeth M. Bass (TN BPR 035570/ KBA 92461)
700 East Main Street, Suite 201
Hendersonville, Tennessee 37075
Telephone:      (615) 919-9090
Facsimile:      (859) 219-9292
Email:          Elizabeth@RichardsonLawGrp.com
COUNSEL FOR PLAINTIFF

2017.008755C:\Users\julie\Desktop\Pending Matters\2. PG (8755)\6a. Pleading Shell (TN case).docx

11